it the burden of proof to demonstrate that plaintiff did not make a bona fide work search. What defendant is really arguing is that the evidence does not support a finding that plaintiff "did not unreasonably fail to seek light duty work." Nowhere in the record does it appear the burden of proof was improperly allocated.

The facts may be simply stated. Plaintiff injured his knee during his employment with UPS. Plaintiff had always worked at jobs demanding physical activity (lifting packages for UPS and a farm laborer). Expert testimony demonstrated that plaintiff's injury made his UPS work inappropriate, at least until he sufficiently recovered or was given less strenuous work. UPS did not, contrary to its own personnel policy, offer plaintiff lighter work and, after a certain point, did not offer any work at all to plaintiff. Plaintiff had worked for defendant on two occasions despite discomfort and contrary to expert advise. Moreover, UPS delayed plaintiff's recovery by initially refusing to pay for recommended physical therapy. Defendant points to plaintiff's application to work as a delivery driver for three other employers during the year he was out of work as insufficient evidence as a matter of law to support a bona fide work search. We disagree. Given plaintiff's limited skills to work in nonphysical jobs, and UPS's refusal to acknowledge that plaintiff was capable of doing lighter work for it, the findings are not clearly erroneous. See *Gee v. City of Burlington*, 120 Vt. 472, 476, 144 A.2d 797, 800 (1958) (evidence supported finding of limited job market especially when employer offered no evidence on point).

Plaintiff has submitted a statement for attorney's fees and expenses for defending this appeal pursuant to 21 V.S.A. § 678(b), which allows a claimant, prevailing on appeal, "reasonable attorney's fees as approved by the court." Plaintiff's statement is approved, and he is awarded $3,915.35 in attorney's fees and expenses. Defendant has argued that plaintiff is not entitled to these fees because he has already been paid the maximum allowed by the commissioner as set by department regulation. The statute, however, plainly places responsibility for allowing attorney's fees for an appeal on the court. Cf. *Fleury v. Kessel/ Duff Constr. Co.*, 149 Vt. 360, 364, 543 A.2d 703, 705 (1988).

*Affirmed. Plaintiff's attorney's fees and expenses of $3,915.35 are assessed against defendant to be paid to plaintiff within 30 days of the filing hereof.*

### In re John P. MICHAELS

[582 A.2d 451]

No. 90-081

September 14, 1990. John P. Michaels having been disbarred by the Supreme Court of New Jersey, it is hereby ordered that John P. Michaels is removed from the office of attorney and counsellor at law and his name is stricken from the rolls. A.O. 9, Rule 17D.

### STATE of Vermont v. James B. PITNER

[582 A.2d 163]

No. 88-495

September 21, 1990. Appellant was convicted of DWI-1st in September of 1988 and sentenced to a $250 fine. That sentence, as well as any suspension of defendant's vehicle operator's license,